IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                Respondent,

         v.

TREVOR JAMES DICKEY,

                Appellant.

No. 84653-1-I

DIVISION ONE

UNPUBLISHED OPINION

HAZELRIGG, A.C.J. — Trevor James Dickey appeals a conviction for one count of assault in the third degree after a jury trial. He avers that his constitutional right to a fair and impartial jury was violated by the seating of a juror with actual bias and seeks reversal of his conviction. Because Dickey accepted the jury panel with three peremptory challenges remaining and chose not to excuse the juror that he now claims was biased, we do not reach the merits of this claim. Accordingly, Dickey's conviction is affirmed, but we remand for the trial court to strike the victim penalty assessment and to correct the various scrivener's errors as to the conditions of probation in the judgment and sentence.

FACTS

On April 16, 2020, the State charged Trevor Dickey with one count of both assault in the second degree with a deadly weapon against Scott Claggett and assault in the third degree against one of the arresting officers, Snohomish County Sheriff's Deputy Gabriel Cimino, based on a series of events from the morning of April 5, 2020. On a motion from the defense, the trial court severed those counts

for trial. Dickey exercised his right to a jury trial on the charge of assault in the third degree, wherein the State alleged he had intentionally assaulted Cimino.

Jury selection began on March 21, 2022. The trial court explained to the potential jurors that the State was charging Dickey with assaulting a law enforcement officer who was performing his official duties at the time of the alleged assault. The court then asked jurors to raise their hands if any of them had been personally involved, or had family members or close friends who were "involved in a similar type of allegation or situation." Multiple jurors raised their hands, including juror 16.[1] The court questioned the juror as follows:

THE COURT: Thanks. Juror 16, who was it and what was it?

JUROR NO. 16: It was my friend. He got in a fight with a cop in Arizona.

THE COURT: How long ago?

JUROR NO. 16: About two years ago.

THE COURT: Were there charges filed?

JUROR NO. 16: Yeah.

THE COURT: Did you think that the case was handled appropriately or inappropriately based on the limited information you may have had?

JUROR NO. 16: Inappropriately.

THE COURT: What were the concerns?

JUROR NO. 16: It wasn't a fair trial for my friend.

THE COURT: Based on that experience and your relationship with him, would you be able to be fair and impartial to both sides in this case?

---

[1] Once seated, juror 16 became juror 3 on the panel. Because the issue presented centers on jury selection, we refer to the juror in question by his venire number, 16.

JUROR NO. 16: No, I would not.

Neither party challenged juror 16 for cause and the court did not ask the juror any further questions. This statement of bias was never rehabilitated. Later on, defense counsel asked juror 16: "What if [Dickey] chooses not to testify? Would you hold that against him even when the [c]ourt told you you could not?" Juror 16 answered, "No."

When the trial court asked whether the attorneys had any additional challenges for cause, both said no. The parties were allotted seven peremptory challenges each. After defense counsel exercised his first two peremptory challenges, juror 16 was presumptively seated. Defense counsel then used two more peremptory challenges on other jurors and ultimately accepted the panel as comprised, including juror 16, with three peremptory challenges remaining. Juror 16 was seated on the jury and deliberated.

The State called Cimino and Officer Tyler Gaskin of the Lynnwood Police Department to testify as to their contact with Dickey on April 5, 2020. According to Cimino, once officers had Dickey in handcuffs, Dickey kicked him in the shin and Gaskin testified that he watched Dickey kick Cimino. After the State's case in chief, Dickey took the stand and testified to his version of events where he denied kicking Cimino "intentionally" and asserted that the officers were "lying." The jury found Dickey guilty as charged.

On May 23, 2022, the State filed an amended information adding one count of malicious mischief in the second degree concerning damage to Claggett's property. Dickey elected to proceed to trial on the two counts relating to Claggett,

assault in the second degree with a deadly weapon and malicious mischief in the second degree, which resulted in a mistrial the following day. The State then filed a second amended information that reduced those charges involving Claggett to one count each of assault in the third degree (count 1) and attempted malicious mischief in the second degree (count 2). Even though it had already been resolved at trial, the charge of assault in the third degree against Cimino was included as well (count 3). Dickey entered guilty pleas to counts 1 and 2.

On October 6, 2022, the trial court sentenced Dickey on all three counts and imposed a period of confinement of eight months for assault in the third degree on count 1, 200 days for attempted malicious mischief in the second degree on count 2, and five months for assault in the third degree against Cimino on count 3, all to run concurrently. The court also imposed a victim penalty assessment (VPA) in the judgment and sentence (J&S) for counts 1 and 3, and the J&S for count 2 contained a number of conditions of probation set out in preprinted check boxes that were not included in the court's oral imposition of sentence.

Dickey timely appealed.

## ANALYSIS

I. Right to a Fair and Impartial Jury

Dickey avers that his constitutional right to a fair and impartial jury was violated by the seating of a biased juror.

Criminal defendants have a state and federal constitutional right to a fair and impartial jury. *State v. Guevara Diaz*, 11 Wn. App. 2d 843, 851, 456 P.3d 869 (2020). Parties may challenge a juror for cause on the basis of actual bias as a

means of protecting that right. *Id.* at 855. Trial courts also have an independent duty to excuse jurors who have exhibited bias or prejudice and are unfit to serve. RCW 2.36.110. But, our Supreme Court has held that, despite the established independent statutory duty of the trial court, "'the burden of preventing trial errors rests squarely upon counsel for both sides.'" *State v. Talbott*, 200 Wn.2d 731, 737, 521 P.3d 948 (2022) (quoting *State v. Farley*, 48 Wn.2d 11, 15, 290 P.2d 987 (1955)). Accordingly, in criminal cases, counsel "must attempt to correct errors at trial, rather than saving them for appeal 'in case the verdict goes against them.'" *Id*.

While Dickey's argument is compelling, as an intermediate appellate court, we must follow the controlling holding of our Supreme Court in *Talbott*: "The question is whether a party who does not use all of their peremptory challenges and accepts the jury panel as presented may nevertheless appeal on the basis that a seated juror should have been dismissed for cause. *The answer is no*." 200 Wn.2d at 737 (emphasis added). Here, defense counsel had five peremptory challenges remaining when juror 16 moved onto the presumptive panel. Rather than using one of those peremptory challenges on juror 16, defense counsel chose to exercise two additional peremptory challenges on other potential jurors. At the time defense counsel accepted the panel with juror 16 seated, Dickey still had three peremptory challenges available. Under *Talbott*, he has not preserved the error for review.

Further, the record establishes that Dickey's decision to accept juror 16 without challenge was plainly strategic; the context of the initial exchange with the

judge demonstrates that juror 16's bias was in favor of the defense, not the State. Juror 16 explained that his *friend* was charged with an offense after getting into a fight with a police officer, and, immediately before he definitively stated that he could not be fair in the instant trial, juror 16 expressed that, in his estimation, "[i]t wasn't a fair trial for *my friend*." (emphasis added.) There is a delicate balance to be reached between calculated defense strategy in jury selection and protecting an accused person's right to a fair and impartial jury. While Dickey makes compelling arguments against courts weighing the "kind of bias" and insists that reversal is required based on structural error, again, we are an intermediate appellate court bound by the holding in *Talbott*.

II.     Terms and Conditions of the Judgment and Sentence

Dickey's final challenges go to errors in the J&S for the felonies in counts 1 and 3 and the separate J&S for the misdemeanor in count 2; the trial court's imposition of the VPA and probation conditions that are inconsistent with the crimes of conviction. He seeks remand for the trial court to strike these from each J&S. The State concedes both errors and agrees that remand is appropriate to strike the VPA and the improper probation conditions.

Although the VPA was mandatory at the time of Dickey's sentencing, the legislature subsequently amended the statute and trial courts are now prohibited from imposing the VPA on indigent defendants. LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(4). While the court failed to make an express finding of indigency at sentencing, the State does not contest Dickey's assertion that he is indigent and was at the time of sentencing. Because this case is on direct appeal, the amended

statute applies to Dickey and we remand for the trial court to strike the VPA from his felony J&S as to count 1. *State v. Ellis,* 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023).

The J&S for Dickey's misdemeanor conviction of attempted malicious mischief in count 2 also requires correction. Though he was not convicted of a DUI offense, the J&S, which appears to have been prepared and presented by the prosecutor's office, contains numerous pre-checked boxes imposing seven separate conditions relating to "DUI/Physical Control." We accept the State's concession on this matter and remand for the trial court to strike the erroneous probation conditions.

Hazelrigg, ACJ

WE CONCUR:

Chung, J.

Smith, C.J.